UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MELLISSA L.,[1]

                                          Plaintiff,              Case # 23-CV-650-FPG

v.                                                                DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                          Defendant.

## INTRODUCTION

Plaintiff Mellissa L. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  ECF No. 1.  The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).  Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  ECF Nos. 8, 10.  For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In January 2021, Plaintiff applied for SSI with the Social Security Administration ("the SSA").  Tr.[2] 102.  She alleged disability since January 2015 due to bipolar disorder, depression, panic disorder, drug addiction, and attention deficit hyperactivity disorder.  *Id.*  In October 2022, Administrative Law Judge Lisa Groeneveld-Meijer ("the ALJ") issued a decision finding that

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter.  ECF No. 5.

Plaintiff is not disabled.  Tr. 10-26.  In May 2023, the Appeals Council denied Plaintiff's request for review.  Tr. 1-4.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.    Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities.  *Id.* § 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* § 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  *Id.* § 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled.  *Id.*  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id.* § 416.920(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above.  At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January

2021, her application date.  Tr. 12.  At Step Two, the ALJ found that Plaintiff suffered from severe impairments of degenerative disc disease of the lumbar spine, anxiety disorder, depressive disorder, and substance abuse disorder.  Tr. 13.  At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment.  Tr. 14.

Next, the ALJ determined that Plaintiff had the RFC to perform a reduced range of light work.  Tr. 16.  At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work.  Tr. 24.  At Step Five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  Tr. 25-26.  The ALJ therefore found that Plaintiff is not disabled.  Tr. 26.

## II.   Analysis

Plaintiff argues that remand is warranted because the ALJ crafted two highly specific functional restrictions in the RFC without a sufficient evidentiary basis.  ECF No. 8-1 at 1.  First, the ALJ found that Plaintiff could engage in no more than brief, superficial interaction with the general public, could not perform any work in crowds, and could engage in "routine interaction" with coworkers and supervisors.  Tr. 16.  Second, the ALJ determined that Plaintiff would need the option to change positions one-to-two times per hour, but for no more than six minutes total per hour.  *Id.*  Plaintiff has not identified a harmful error warranting remand.

There are three medical opinions relevant to Plaintiff's social limitations.  State agency consultants P. Roy-Petrick and J. May both opined that Plaintiff was moderately limited in her abilities to interact appropriately with the general public and to accept instructions and respond appropriately to criticism from supervisors, but was not significantly limited in her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.  Tr.

115, 138.  Consultative examiner Christine Ransom, Ph.D., opined that Plaintiff was moderately limited in her ability to interact adequately with supervisors, coworkers, and the public.  Tr. 453.

Thus, while Dr. Ransom diverges from the other opinions insofar as she concludes that Plaintiff will also be limited in her interactions with coworkers, all of the opinions are consistent insofar as they identify no more than moderate limitations in Plaintiff's social interactions with supervisors, coworkers, and the public.  Those moderate limitations are sufficiently accounted for by the RFC's limitation to simple, routine tasks with no fast-paced work or day-to-day changes. *See* Tr. 16; *see also Justine G. v. Comm'r of Soc. Sec.*, No. 21-CV-6710, 2023 WL 2595011, at *4 (W.D.N.Y. Mar. 22, 2023) (collecting cases for the proposition that "[a] limitation to unskilled work can adequately account for a claimant's moderate limitations in interacting with others"); *Washburn v. Colvin*, 286 F. Supp. 3d 561, 566 (W.D.N.Y. 2017) ("It is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning."). The fact that the ALJ went further than the medical opinions required, and limited Plaintiff to brief and superficial interaction with the public, is not a basis for remand.  *See* Tr. 22 (noting that "more restrictive mental limitations" were incorporated into the RFC after "viewing the evidence in the light most favorable to [Plaintiff]"); *see also Theresa G. v. Saul*, No. 20-CV-362, 2021 WL 1535472, at *5 (N.D.N.Y. Apr. 19, 2021) ("The fact that a limitation was included despite its absence from any medical opinion means simply that the RFC was more generous than the medical opinions required, and where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." (internal quotation marks omitted)).

In addition, the jobs that the vocational expert identified—price/ticket marker; sorter, routing clerk; and photocopy machine operator—require only "Level 8" interactions.  *See* Marker,

*Dictionary of Occupational Titles*, DICOT 209.587-034, 1991 WL 671802 (1991); Routing Clerk, *Dictionary of Occupational Titles*, DICOT 222.687-022, 1991 WL 672133 (1991); Photocopying-Machine Operator, *Dictionary of Occupational Titles*, DICOT 207.685-014, 1991 WL 671745 (1991).  "Positions categorized as involving level 8 interaction can be performed by individuals who require limited interaction."  *Ridley G. v. Comm'r of Soc. Sec.*, No. 20-CV-773, 2021 WL 4307507, at *13 (N.D.N.Y. Sept. 22, 2021).  Plaintiff does not articulate how, absent the alleged error, the ALJ could have reached a different conclusion regarding Plaintiff's ability to perform these jobs.  To the contrary, because the relevant medical opinions identify no more than moderate limitations in Plaintiff's social interactions with others, a different balancing of those medical opinions would not have led to a different outcome.  *See Wettlaufer v. Colvin*, 203 F. Supp. 3d 266, 281 (W.D.N.Y. 2016) (stating that an error is harmless where "application of the correct legal principles to the record could lead to only one conclusion").

In a similar vein, none of the relevant medical opinions in the record identify the need for a sit/stand option.  *See* Tr. 110-13 (state agency consultant J. Lawrence, M.D.); Tr. 132-36 (state agency consultant D. Brauer, M.D.); Tr. 458-61 (consultative examiner Hongbiao Liu, M.D.).  "Remand is not warranted on the basis that the ALJ partially credited Plaintiff's need for a sit/stand option in formulating an RFC, despite the lack of evidence or medical opinion to support it."  *Melinda A. v. Comm'r of Soc. Sec.*, No. 20-CV-1588, 2023 WL 2573311, at *3 (W.D.N.Y. Mar. 20, 2023).

Accordingly, Plaintiff has not demonstrated a harmful error justifying remand.

**CONCLUSION**

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED.  The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 10, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York